MATTER OF WONG

In Deportation Proceedings

A–18029197

*Decided by Board April 30, 1969*

Respondent, who was admitted as a nonimmigrant without a visa to proceed in continuous transit through the country, who was given ample time to do so, which period of time was extended by the District Director, but who failed to depart, does not thereafter warrant a grant of voluntary departure in deportation proceedings.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry—immigrant—no visa.

ON BEHALF OF RESPONDENT:
Joseph F. O'Neil, Esquire
100 State Street
Boston, Massachusetts 02109

ON BEHALF OF SERVICE:
R. A. Vielhaber
Appellate Trial Attorney

Thomas W. Gleason
Trial Attorney

The proceedings are before us on appeal by the Immigration and Naturalization Service from the decision of the special inquiry officer finding respondent deportable as charged but granting voluntary departure with an alternate deport order to the Republic of China on Formosa if he did not depart as and when directed. Counsel for respondent also filed an appeal from this decision, contesting deportability, but that appeal has since been withdrawn. The Service requested oral argument before the Board, which took place on March 17, 1969.

The respondent is a 40-year-old married male alien, a native and citizen of the Republic of China, who arrived in the United States at San Francisco on or about May 28, 1968. He was at that time authorized to proceed in continuous transit through the United States without a visa and to depart for a foreign port or place on or before June 7, 1968. He failed to depart before that date. He thus remained in the United States without a visa. The respondent does not concede that he is deportable but we affirm

the decision of the special inquiry officer that his deportability is shown by evidence that is clear, unequivocal and convincing.

The Service contends in its appeal that the privilege of voluntary departure should not have been accorded the respondent. With this contention we agree.

The respondent, in entering the country as a nonimmigrant and authorized to proceed in transit through the country without a visa, was given ample time, from May 28, 1968 to June 7, 1968, to do so. After he failed to leave on this latter date, the District Director gave him further time, until September 11, 1968, to leave. He did not leave before that date, but, on the contrary, changed his place of residence without notifying the Immigration Service. Although the respondent testified that he had the money with which to depart the country, the facts are that he did not leave and it appears quite clear now that he had no intention of leaving. He obtained gainful employment as a kitchen helper in a restaurant and is currently working.

When an alien is permitted to enter the country as a nonimmigrant without a visa for the purpose of proceeding in continuous transit through the country and then departing for a foreign port or place, the Government is relying upon the alien to abide in good faith with the conditions under which he was permitted to be in the United States, without requiring the institution of deportation proceedings. If he fails in this respect and will not leave until formal deportation proceedings are started, as did the alien in this case, we do not feel that a favorable exercise of the Attorney General's discretion is ordinarily warranted. We have no confidence that if he were again given the privilege of voluntary departure respondent would take advantage of it.

We will thus affirm the decision of the special inquiry officer finding respondent deportable as charged but we will sustain the appeal of the Service and order the respondent's deportation without the privilege of voluntary departure.

ORDER: It is ordered that the appeal of the Immigration and Naturalization Service from the special inquiry officer's order to grant the respondent voluntary departure, be and the same is hereby sustained.

*It is further ordered* that the respondent be deported to the Republic of China on Formosa, but if not accepted there then to Hong Kong.